

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-27-2006

# Wang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3752

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Wang v. Atty Gen USA" (2006). *2006 Decisions.* Paper 686.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/686

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT

OF APPEALS

FOR THE THIRD CIRCUIT

_____

NO. 05-3752

_____

TANG JIANG WANG,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

_____

PETITION FOR REVIEW OF A DECISION OF

THE BOARD OF IMMIGRATION APPEALS

Agency No. A95-460-143

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)

May 19, 2006

BEFORE: McKEE and STAPLETON, <u>Circuit Judges</u>,

and McCLURE,[*] <u>District Judge</u>

_____

[*]Hon. James F. McClure, Jr., United States District Judge for the Middle

_____

OPINION OF THE COURT

_____

McCLURE, District Judge:

Petitioner Tang Jian Wang ("Wang"), a Chinese citizen, has filed the pending Petition for Review of a Bureau of Immigration Appeals ("BIA") decision dismissing Wang's appeal from the Immigration Judge's ("IJ") decision denying Wang's applications for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). The BIA found that the IJ did not clearly err in determining that Wang was not credible, and furthermore found that even if Wang were deemed to be credible, he was not entitled to relief.[1]

We will deny the petition.

## I. Facts and Procedural History

As the parties are familiar with the facts as recounted by Wang, we only briefly recite them here. Petitioner Tang Jian Wang is a 55 year-old Chinese national who legally came to the United States on a nonimmigrant B-1 visa in

_____

District of Pennsylvania, sitting by designation.

[1]The IJ also found Wang to be ineligible for asylum, withholding of removal, and relief under the CAT as a matter of law because he assisted in the persecution of others on account of a protected ground. (See J.A. at 26-29.) The BIA did not review this part of the IJ's decision. (See J.A. at 6, n.1.)

April 2001. In his testimony before the IJ, Wang claimed as follows.

In China, Wang began his career as a police officer, and then became the second-in-command of a temporary detention facility for prisoners. When eleven Falun Gong practitioners were arrested, they were housed in Wang's facility; one of them was Wang's friend. Wang ordered that the Falun Gong practitioners be given better treatment than the other prisoners, and Wang released two of the Falun Gong prisoners.

Wang was reprimanded by his superior officer for his preferential treatment of the Falun Gong prisoners, and he was transferred to a different job, where his pay was reduced. Some time later, Wang was approached by his Falun Gong friend. At his friend's request, Wang gave money for the Falun Gong movement and made photocopies of Falun Gong materials using his office copy machine.

Thereafter, Wang was summoned to appear for an interview with the Public Security Bureau. Wang learned from a friend that there was a case against him for supporting Falun Gong and illegally printing propaganda material for Falun Gong. Wang then fled China.

Wang entered the United States in April 2001 on a nonimmigrant B-1 visa. He filed an application for asylum in April 2002, and the INS found Wang ineligible for asylum based on a finding that he was not credible. (See Assessment to Refer, J.A. at 153-54.) On March 28, 2003, the INS instituted removal proceedings against Wang for remaining in the United States beyond July 22, 2001 without authorization. (See Notice to Appear, J.A. at 387.)

The Notice to Appear stated that removal proceedings would occur on August 6, 2003. However, that date was changed to May 21, 2003, apparently without notification to Wang, and Wang failed to appear for removal proceedings on May 21, 2003. The IJ entered a final order of removal in Wang's absence on May 21, 2003. (See J.A. at 88.) On June 17, 2003, the IJ reopened the case (J.A. at 367) and removal proceedings were conducted on January 3, 2005, with Wang

3

present and represented by counsel.

In a thirty-page opinion, the IJ found first that Wang was not credible. The IJ arrived at that determination based on the following: (1) two inconsistent affidavits executed by Wang, the first of which was submitted at his asylum interview (J.A. at 340), the latter of which was made a part of the record before the IJ and contained different dates regarding the timeframe of Wang's treatment of Falun Gong practitioners at the prison (J.A. at 276); (2) the IJ's view that Wang's testimony regarding whether he practiced Falun Gong himself contradicted Wang's application for asylum; (3) Wang's inconsistent testimony regarding his job duties after being dismissed from his job at the prison; (4) inconsistencies between Wang's testimony that he was demoted after his dismissal from the prison and a Chinese government document offered by Wang (J.A. at 319-20) stating that Wang was promoted a few months after his favorable treatment of the Falun Gong detainees; and (5) a discrepancy between Wang's testimony that he made copies of Falun Gong propaganda in March 2001, and a Chinese government document offered by Wang stating that he made the copies in February 1999 (see J.A. at 323). The IJ found that "the credibility factors noted above are sufficient as a matter of substantial evidence to sustain an adverse credibility finding with regard to the core of the respondent's claim." (J.A. at 26.)

The IJ found second that, "[r]egardless of the credibility finding," Wang "assisted in the persecution of others and therefore is barred as a matter of law from asylum, and withholding under Section 241(b)(3), and withholding under the Convention Against Torture." (J.A. at 26-29.) Separately, the IJ concluded that Wang had not met his burden of proof with regard to the CAT, and denied Wang's application for voluntary departure. (J.A. at 29-30.)

Wang timely appealed to the BIA. The BIA dismissed the appeal. (J.A. at 4-6.) The BIA found that: (1) the IJ did not clearly err in his adverse credibility determination; (2) even if Wang were deemed credible, he did not establish

4

eligibility for asylum, because he showed neither past persecution nor a well-founded fear of future persecution; (3) because Wang failed to satisfy the lower burden of proof required for asylum, he was ineligible for withholding of removal; and (4) Wang did not establish that it was more likely than not that he would be tortured if removed to China. The BIA did not address the IJ's finding that Wang was ineligible for asylum and withholding of removal because he assisted or otherwise participated in the persecution of others on account of a protected ground. (J.A. at 6, n.1.)

Wang timely filed this petition for review.

## II. Jurisdiction and Standard of Review

We have jurisdiction to review final orders of removal pursuant to 8 U.S.C. § 1252(a).

Review of the agency decision denying Wang's applications for asylum, withholding of removal, and relief under the CAT is conducted under the substantial evidence standard, which requires that administrative findings of fact be upheld "unless any reasonable adjudicator would be compelled to conclude to the contrary." Chen v. Gonzales, 434 F.3d 212, 216 (3d Cir. 2005) (quoting 8 U.S.C. § 1252(b)(4)(B)).

"Adverse credibility determinations are factual findings subject to substantial evidence review." Id. We will defer to and uphold an adverse credibility determination if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). When evaluating an adverse credibility determination, we must "ensure that it was appropriately based on inconsistent statements, contradictory evidences, and inherently improbable testimony . . . in view of the background evidence on country conditions." Dia, 353 F.3d at 249 (citation and quotations omitted)." "Generally, minor inconsistencies and minor admissions that 'reveal nothing about an asylum applicant's fear for his safety are not an adequate

basis for an adverse credibility finding.'" Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002) (quoting Vilorio-Lopez v. INS, 852 F.2d 1137, 1142 (9th Cir. 1988)). "[D]eference is not due where findings and conclusions are based on inferences or presumptions that are not reasonably grounded in the record as a whole." Balasubramanrim v. INS, 143 F.3d 157, 161 (3d Cir. 1998). Findings of adverse credibility "must be based on inconsistencies and improbabilities that go to the heart of the asylum claim." Chen, 434 F.3d at 216 (quotations and citations omitted).

### III. Legal Standards for Asylum, Withholding of Removal, and Relief under the CAT

Section 208(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158(b), gives the Attorney General discretion to grant asylum to any alien who demonstrates that he or she is a "refugee" within the meaning of section 101(a)(42)(A) of the INA, 8 U.S.C. § 1101(a)(42)(A). Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). To qualify as a "refugee," one must demonstrate that he or she is "unable or unwilling to return to . . . that country [of nationality] because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A).

"The burden of proof is on the applicant for asylum to establish that he or she is a refugee as defined in section 101(a)(42) of the [INA]." 8 C.F.R. § 208.13(a). "The testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration." Id. "An alien's credibility, by itself, may satisfy his burden, or doom his claim." Dia v. Ashcroft, 353 F.3d 228, 247 (3d Cir. 2003) (en banc).

"Unlike asylum, which is discretionary, the Attorney General must grant withholding of removal if the alien demonstrates a 'clear probability' that, upon return to his or her home country, his or her 'life or freedom would be threatened'

6

on account of race, religion, nationality, membership in a particular social group, or political opinion." Chen, 376 F.3d at 223 (citing INS v. Stevic, 467 U.S. 407 (1984); Zubeda v. Ashcroft, 333, F.3d 463, 469-70 (3d Cir. 2003)). "An alien who fails to establish that he or she has a well-founded fear of persecution, so as to be eligible for a grant of asylum, necessarily will fail to establish the right to withholding of removal." Id.

In order to establish eligibility for withholding of removal under the CAT, the "burden of proof is on the applicant . . . to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2).

## IV. Adverse Credibility, Asylum, and Withholding of Removal

Petitioner and respondent disagree about whether our review of the adverse credibility determination is restricted to the decision rendered by the BIA, or if we may also consider the IJ's opinion.

Where the BIA never expressly "adopts" any portion of the IJ's opinion, or never announces that it is deferring to any of the IJ's findings, we review only the BIA's decision. Abdulai v. Ashcroft, 239 F.3d 542, 549 n.2 (3d Cir. 2001) (Becker, C.J.). Alternatively, "[w]hen the BIA defers to an IJ, a reviewing court must, as a matter of logic, review the IJ's decision to assess whether the BIA's decision to defer was appropriate." Id.

Here, the BIA both deferred to the IJ's adverse credibility determination and "discussed some, but not all, of the underlying bases for the IJ's adverse credibility determination." Xie v. Ashcroft, 359 F.3d 239, 242 (3d Cir. 2004). We accordingly review the IJ's decision and the BIA's decision together. Id.; see also Fiadjoe v. Att'y Gen., 411 F.3d 135, 152-53 (3d Cir. 2005).

The IJ found that Wang was an incredible witness. The BIA agreed with the IJ that Wang did not testify in a credible manner. The BIA cited to those portions of the IJ's decision detailing numerous reasons for the IJ's adverse credibility

finding. The BIA also discussed one inconsistency in Wang's evidence: an inconsistency between Wang's testimony and the documentary evidence concerning Wang's use of an office machine to copy Falun Gong propaganda. Wang testified that he made copies for Falun Gong in March 2001; Wang's dismissal document indicated that Wang made the copies in February 1999. (J.A. at 5.) The BIA found Wang's attempts to explain this inconsistency unpersuasive.

After a careful review of the entire record, we find that we must uphold the agency's determination that Wang did not testify in a credible manner, as we are not compelled to conclude to the contrary. See 8 U.S.C. § 1252(b)(4)(B); Chen, 376 F.3d at 222. The bases for the adverse credibility determination, discussed in part I of this opinion, are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Elias-Zacarias, 502 U.S. at 481.[2]

Because Wang's testimony was not credited, he was unable to sustain his burden of proving refugee status under section 101(a)(42) of the INA in order to qualify for asylum, and was likewise unable to satisfy the clear probability standard of eligibility required for withholding of removal. See Chen, 376 F.3d at 223. On the basis of this adverse credibility ruling, the IJ found Wang ineligible for asylum and withholding of removal. (See J.A. at 28.) The BIA did not disturb the IJ's finding, and we find the adverse credibility determination to be supported by substantial evidence.

Because we find that the agency decision regarding credibility is supported by substantial evidence, we find it unnecessary to review the BIA's alternative reasoning that even if Wang were deemed credible, he would be ineligible for

_____

[2]Among other factors on which the agency reasonably relied, the discrepancy regarding whether Wang was promoted or demoted is probative of whether Wang was persecuted by his government employer.

asylum and withholding of removal.

## V. Withholding Under the Convention Against Torture

We will sustain the BIA's determination that Wang is ineligible for withholding of removal under the CAT if substantial evidence in the record supports the decision.  Wang v. Ashcroft, 368 F.3d 347, 350 (3d Cir. 2004).  We have held that "an alien's credibility, by itself, may satisfy his burden or doom his claim as to both withholding of removal and protection under the Convention [Against Torture]."  Muhanna v. Gonzales, 399 F.3d 582, 589 (3d Cir. 2005) (internal quotations and citation omitted).

The BIA found that Wang had not proved it more likely than not that he would be tortured if removed to China, and cited Muhanna.  We have already determined that the agency's adverse credibility finding is supported by substantial evidence.  Accordingly, we conclude that the BIA decision that Wang has not proven eligibility for withholding of removal under the CAT is supported by substantial evidence.

## VI. Wang's Due Process Argument

Wang also argues that he was denied due process because the BIA failed to consider and address his arguments on appeal.

Aliens facing removal are entitled to due process.  Abdulai, 239 F.3d at 549. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."  Id. (quoting Mathews v. Eldridge, 424 U.S. 319, 333 (1976)).  "In adjudicative contexts such as this one, due process requires three things.  An alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his or her interests."  Id. (internal citations and quotations omitted).  Because Wang does not argue that the  BIA's decision was based on evidence that was kept secret from him, or that he was prevented from

making his case to the BIA or the IJ, the only due process right potentially implicated is the third one–the right to an "individualized determination." See id.

The decision of the BIA in this case constitutes an individualized determination. The question for due process purposes is not whether the BIA reached the correct decision; rather, it is simply whether the Board made an individualized determination of Wang's interests, and its opinion contains sufficient indicia that it did so. See id. at 550. The three-page opinion demonstrates that the BIA was aware that, inter alia, Wang was a Chinese citizen seeking asylum on the basis of his sympathy for the Falun Gong movement, that Wang had suffered adverse employment actions in China due to his aid of Falun Gong members, and that the IJ found Wang to be an incredible witness. This is sufficient. Because the BIA's opinion evidences its consideration of the individualized circumstances of Wang's application, we find no due process violation here.

## VII. Conclusion

Based on the foregoing, the Petition for Review of the decision of the BIA dismissing Wang's appeal from the decision of the IJ denying Wang asylum under 8 U.S.C. § 1158, and denying his application for withholding of removal under 8 U.S.C. § 1231(b)(3) and the Convention Against Torture will be denied.